OPINION
This is an appeal from the judgment of the Logan County Court of Common Pleas which denied the Defendant-appellant Jerry Harmon's Motion for Post-Conviction Relief.
On February 12, 2001, Harmon was indicted on seven counts of Rape and two counts of Unlawful Sexual Conduct with a Minor. On August 30, 2001, Harmon entered a plea of guilty to two counts of rape, felonies of the first degree, and was subsequently sentenced to ten years in prison on each count to be served concurrently. Harmon did not file a direct appeal in this case, but rather filed a motion for post conviction relief asserting that he was denied a preliminary hearing and that the grand jury was under the misinformation that Harmon had waived his preliminary hearing. The trial court denied Harmon's petition. Harmon now appeals asserting two assignments of error which will be discussed together.
"The defendant/appellant was prejudiced by ineffective assistance of counsel, violating his Sixth and Fourteenth Amendment right, when counsel failed to properly acknowledge and investigate their client's mental status during and prior to trial.
"The defendant/appellant was prejudiced by ineffective assistance of counsel, violating his Sixth and Fourteenth Amendment right, when counsel failed to properly protect their client's due process rights to a fair trial, after their client requested the court to remove counsel, as counsel, due to counsel's lack of assistance in investigating and pursuing evidence available to be used at trial."
Under the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
However, if a claim of ineffective assistance of counsel is coupled with evidence outside the record, the claim will generally not be barred by res judicata. State v. Grogan (May 26, 2000), Hardin App. No. 6-2000-03.
In this case, Harmon bases the majority of his claims for ineffective assistance of counsel on the alleged fact that he did not waive his preliminary hearing including an assertion that his name was forged on the waiver; however, Harmon does not allege any evidence regarding these claims that is outside the record. As such, Harmon's claims should have been brought on direct appeal and are now barred by res judicata.
Furthermore, while Harmon also asserts a claim for ineffective assistance of counsel based on a conversation with his attorney which is not in the record, Harmon failed to assert this claim in his post-conviction motion from which he currently appeals. As it is axiomatic that a defendant may not bring up an issue for the first time on appeal, Harmon is precluded form asserting this error now. See Shoverv. Cordis Corp. (1991), 61 Ohio St.3d 213, 219, overruled on other grounds; Collins v. Sotka, 81 Ohio St.3d 506. Consequently, Harmon's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
BRYANT and WALTERS, J.J., concur.